UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN HAYES, et al.,

        Plaintiffs,

vs.                                    Case No. 07-CV-10377
                                        HON. GEORGE CARAM STEEH

LACEY & JONES,
a Michigan Limited Liability Partnership,

        Defendants.

_____/

ORDER DISMISSING CLAIMS FOR LACK OF FEDERAL SUBJECT MATTER
JURISDICTION ON FAILURE TO SHOW CAUSE (# 2)

On January 29, 2007, plaintiffs were ordered to show cause by February 9, 2007 why their claims for retiree medical benefits as former "Class A" partners of defendant law firm Lacey & Jones should not be dismissed for lack of federal question subject matter jurisdiction under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 et seq., because ERISA does not apply to retirement plans which cover only partners as opposed to employees. See Simpson v. Ernst & Young, 100 F.3d 436 (6th Cir. 1996); Robertson v. Alexander Grant & Co., 798 F.2d 868 (5th Cir. 1986); 29 C.F.R. § 2510.3-3. Plaintiffs filed a timely response on February 9, 2007 accompanied by a First Amended Complaint.

A working owner or partner may qualify as a "participant" in an ERISA retirement benefit plan if the plan covers one or more "employees" other than the working owner or partner and his or her spouse. Yates v. Hendon, 541 U.S. 1, 6 (2004). "Plans that cover

only sole owners or partners and their spouses, the regulation [29 C.F.R. 2510.3-3] instructs, fall outside Title I [of ERISA's] domain. Plans covering working owners *and* their nonowner employees, on the other hand, fall entirely within ERISA's compass." Id. at 21 (emphasis in original). Thus, "[a] plan covering only the partners of a law firm is not an ERISA plan because the partners are not employees; if a plan covers no employees, then ERISA is inapplicable." Baron v. Baron & Budd, P.C., No. 06-CV-1417-G, 2006 WL 3203269, *6 (W.D. Mich. Nov. 6, 2006) (unpublished) (citing Robertson, 798 F.2d at 870). If plans are separate but similar as between partners and employees, the partners' plan is not an ERISA plan. Robertson, 798 F.2d at 871.

Plaintiffs' First Amended Complaint, as did the initial Complaint, alleges ten retired "Class A" partners of defendant law firm Lacy & Jones, and their spouses, are entitled to retiree medical and hospital insurance benefits pursuant to paragraph 12(c) of the Firm's 1985 Partnership Agreement, as amended over the course of years. Although a September 22, 2006 letter sent to the retired partners, and quoted in the First Amended Complaint, states that the Management Committee's decision to discontinue payment of health care coverage "applies to all employees and partners, both active and retired," the letter does not displace the allegations that the instant plaintiffs are seeking benefits pursuant to the terms of an amended 1985 Partnership Agreement as applicable only to "Class A" partners and retired "Class A" partners. The decision to discontinue benefits to partners and employees alike does not support a reasonable inference that both partners and employees are covered under the Partnership Agreement. Plaintiffs' separate plan applicable solely to "Class A" partners is therefore not a plan governed by ERISA. Yates, 541 U.S. at 6, 21; Robertson, 798 F.2d at 871; Baron, 2006 WL 3203269, at *6.

The alleged fact that the partner and employee benefit plans are *funded by* the same underlying Blue Cross/Blue Shield insurance policy does not displace plaintiffs' claims for benefits under the express terms of the Partnership Agreement applicable solely to "Class A" partners.  The wording of paragraph 12(c) of the Firm's 1985 Partnership Agreement does not support an allegation that paragraph 12(c) is applicable to employees.  Plaintiffs do not allege that they are entitled to retiree health care insurance benefits under the terms of a Blue Cross/Blue Shield plan. Musto v. American General Corp., 861 F.2d 897 (6th Cir. 1988) is inapplicable as it did not involve partners or a separate partnership agreement. Although plaintiffs have alleged that employees and partners are entitled to receive health care benefits from Lacey & Jones, plaintiffs have alleged they are entitled to benefits under a plan covering only "Class A" partners.  The plan as alleged is not an ERISA plan as a matter of law.  Yates, 541 U.S. at 6, 21; Robertson, 798 F.2d at 871; Baron, 2006 WL 3203269, at *6.  Accordingly,

Plaintiffs' claims as alleged are hereby DISMISSED without prejudice for failure to show cause why the claims should not be dismissed for lack of federal subject matter jurisdiction.

SO ORDERED.

Dated:  March 13, 2007

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 13, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk